UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HADASSAH FEINBERG, et al., | : | CIV. NO. 1:25-CV-768 |
| | : | |
| Plaintiffs, | : | (Judge Saporito) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| DAUPHIN COUNTY CHILDREN | : | |
| AND YOUTH, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

THE BACKGROUND OF THIS CASE IS AS FOLLOWS:

At 8:44 p.m. on November 25, 2025, Feinberg-Harris emailed the court, all counsel, and numerous third parties expressing the intention to voluntarily dismiss this case in its entirety. On this score, Rule 41(a)(1)-(2) of the Federal Rules of Civil Procedure provides as follows:

**(a) Voluntary Dismissal.(1)** *By the Plaintiff.***(A)** *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:**(i)** a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or**(ii)** a stipulation of dismissal signed by all parties who have appeared.**(B)** *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.**(2)** *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the

1

plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

F.R.Civ. P., Rule 41(a)(1)-(2).

In order to impose some measure of order on the litigative chaos which has ensued in this case we ordered Ms. Feinberg-Harris to: (1) confirm whether she has discharged her estranged spouse as counsel in this case; and (2) file a pleading on the docket confirming her request to voluntarily dismiss this case by **December 1, 2025.** We also ordered that upon receipt of any motion to voluntarily dismiss filed by the plaintiffs, on or before **December 7, 2025**, the defendants shall identify what terms, if any, they believe would be proper to incorporate into any proposed dismissal.

On November 26, 2025, Ms. Feinberg Harris complied with our order and filed a notice of voluntary dismissal pursuant to Rule 41(a)(1) which sought to dismiss this case without prejudice. (Doc. 81). It appears that the plaintiff may be able to act in this fashion since she has filed this notice "before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1). However, we are aware that it appears that this is the second time that the plaintiff

has voluntarily dismissed these claims. In such circumstances Rule 41 provides that "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B).

Accordingly, IT IS ORDERED that the parties address the following issues by **December 7, 2025**: (1) whether the plaintiff may dismiss this case by notice pursuant to Rule 41(a)(1); (2) whether Rule 41(a)(1)(B) requires that this notice operate as an adjudication on the merits; and (3) whether the defendants continue to intend to seek sanctions following the voluntary dismissal to this action.

SO ORDERED, this 3d day of December 2025.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge