UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

HADASSAH FEINBERG, et al.,

    Plaintiffs,

v.

DAUPHIN COUNTY CHILDREN AND YOUTH, et al.,

    Defendants.

CIVIL ACTION NO. 1:25-CV-768

(SAPORITO, J.)
(CARLSON, M.J)

## ORDER

Now before the court is a report and recommendation of United States Magistrate Judge Martin C. Carlson, in which he recommends, among other actions, that plaintiff Feinberg's claims be dismissed with prejudice and those claims asserted by plaintiff Feinberg's children be dismissed without prejudice. (Doc. 90).

This action requires a brief background of the plaintiff's history. The plaintiff, in Judge Carlson's words, "is a prolific, and prodigiously unsuccessful, litigant who, for years, has been pursuing claims of wide-sweeping conspiracies involving county, township, law enforcement, and individual defendants in state court." (Doc. 90, at 1). Moreover, he explains that, "[a]fter Feinberg lodges facially deficient complaints[,] she

often files notices of voluntary dismissal of those claims when her meritless pleadings are challenged." (*Id.,* at 2). Indeed, Judge Carlson notes that the plaintiff has engaged in this behavior in at least three occasions during the past year. (*Id.*) (citing (1) *Feinberg v. Smith,* 1:23-CV-2165 (Doc. 150; Doc. 151); (2) *Feinberg v. Schwab,* 4:25-CV-591 (Doc. 6; Doc. 7); and (3) *Feinberg v. Dauphin County Social Services,* 1:25-CV-768 (Doc. 81)).

Plaintiff Feinberg in this action, asserting claims on behalf of herself and her children, mirrors that pattern as she asserts claims that have previously been recommended for dismissal by this Court. On December 29, 2023, plaintiff Feinberg filed a complaint against thirty-one defendants alleging that those defendants engaged in a conspiracy to retaliate against her by removing her children from her home for eight days in 2023 and participated in a wide-spread cover-up of child abuse. *See Feinberg v. Smith,* 1:23-CV-2165 (M.D. Pa.). On March 18, 2025, United States Magistrate Judge Schwab recommended that plaintiff Feinberg's complaint be dismissed in its entirety without leave to amend. (*Id.* at (Doc. 146)). Plaintiff Feinberg promptly voluntarily dismissed her complaint on April 10, 2025. (*Id.* at (Doc; 150; Doc. 151)). Judge Carlson

notes that on May 2, 2025, plaintiff Feinberg filed this action "alleging the same essential series of events [as *Feinberg v. Smith*] against many of the same defendants." (Doc. 90, at 7). In response, all defendants have moved to dismiss the plaintiff's complaint. *See* (Doc. 35; Doc. 40; Doc. 41; Doc. 42; Doc. 45; Doc. 58). On November 26, 2025, the plaintiffs filed a notice of voluntary dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. (Doc. 81).

In light of this background, Judge Carlson recommends that the Court grant the plaintiffs' leave to voluntarily dismiss this case. Judge Carlson notes that pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Here, Judge Carlson explains that the docket contains neither an answer nor a motion for summary judgment, and therefore, the plaintiffs' leave to dismiss is proper under Rule 41(a)(1).

Nonetheless, Judge Carlson also observed that Rule 41(a) "does not provide a license for vexatious litigants to repeatedly file and then dismiss frivolous lawsuits," noting that Rule 41 emphasizes that "if the

plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." (Doc. 90, at 11) (quoting Fed. R. Civ. P. 41(a)(1)(B)). Therefore, Judge Carlson found that plaintiff Feinberg's voluntary dismissal in this case operates as an adjudication on the merits under Rule 41 because the plaintiff's previous complaints "share identical plaintiffs and many common defendants," "arise out of the same common nucleus of operative facts," and "advance virtually identical constitutional claims under the First, Fourth, Fifth, and Fourteenth Amendments." (*Id.*, at 12, 13). For this reason, Judge Carlson recommends that plaintiff Feinberg's claims be dismissed with prejudice as the plaintiff's notice of dismissal operates as an adjudication on the merits. But Judge Carlson also notes that it is well established that a plaintiff, acting *pro se*, cannot represent children or compromise their legal claims. (*Id.*, at 13) (citing *Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pennsylvania*, 937 F.2d 876, 878 (3d Cir. 1991)). Therefore, Judge Carlson recommends that the claims brought by plaintiff Feinberg's children be dismissed without prejudice.

Judge Carlson also acknowledges several outstanding motions

brought by the defendants that seek to impose sanctions against the plaintiff along with requests to impose a narrowly tailored injunction requiring defendant Feinberg to obtain leave of court prior to filing any additional lawsuits. (*Id.*) (citing (Doc. 36; Doc. 58; Doc. 79; Doc. 84; Doc. 85)). Judge Carlson notes that a court may still impose sanctions under Rule 11 of the Federal Rules of Civil Procedure after a voluntary dismissal. (*Id.*, at 15) (citing *Nelson v. Napolitano*, 657 F.3d 586, 588 (7th Cir. 2011)); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990). Therefore, Judge Carlson recommends that the defendants' motions and requests for sanctions be referred to him for resolution.

No timely objections have been filed to the report and recommendation, resulting in the forfeiture of de novo review by this court. *See Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

Following an independent review of the report and the record, and having afforded "reasoned consideration" to the uncontested portions of the report, *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017), we are satisfied "that there is no clear error on the face of the record," Fed. R. Civ. P. 72(b) advisory committee note to 1983 amendment. We find

Judge Carlson's analysis to be well-reasoned and fully supported by the record and applicable law. Accordingly, the court will adopt the report and recommendation in its entirety as the decision of the court.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The report and recommendation of Judge Carlson (Doc. 90) is **ADOPTED** in its entirety;

2. Plaintiff Feinberg is **GRANTED** leave to voluntarily dismiss this case;

3. Claims brought by plaintiff Feinberg are **DISMISSED with prejudice**;

4. Claims brought by plaintiff Feinberg's children are **DISMISSED without prejudice**;

5. The defendants' motions to dismiss (Doc 15; Doc. 40; Doc. 41; Doc. 42; Doc. 45; Doc. 58) are rendered **MOOT**; and

6. The defendants' motions and requests for sanctions (Doc. 36; Doc. 58; Doc. 79; Doc. 84; Doc. 85) are referred to Judge Carlson for resolution.

Dated: January __13__, 2026   _____
JOSEPH F. SAPORITO, JR.
United States District Judge